## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)
### Eastern Division

Taubensee Steel & Wire Company

                Plaintiff,

v.

                                  Case No.: 1:26–cv–01422

                                  Honorable Franklin U. Valderrama

Dexter Stamping Company LLC

                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, June 10, 2026:

      MINUTE entry before the Honorable Franklin U. Valderrama: Plaintiff has moved for entry of default [13]. However, because no summons returned executed has been filed on the docket, it does not appear that Defendant has been properly served. While Plaintiff submitted a certificate of service [12], this submission states that they attempted service via registered mail. But under "Illinois law, certified mail is generally not an adequate means of service for corporations." Tidwell v. Exxon Mobil Corp., 2022 WL 345082, at *2 (N.D. Ill. Feb. 4, 2022) (quoting Goode v. PennyMac Loan Servs., LLC, 2014 WL 6461689, at *9 (N.D. Ill. Nov. 18, 2014) ("Certified mail is thus not listed as an appropriate method of serving corporations in the text of... the relevant state statutes.") (citing 735 ILCS 5/2–203, 5/2–204); accord Lockhart v. HSBC Fin. Corp., 2015 WL 4111346, at *2 (N.D. Ill. July 8, 2015) (Illinois law) ("Mailing the summons is insufficient.")). True, a local court rule authorizes the clerk to "mail... summons with [a] copy of complaint attached thereto by certified mail return receipt requested." Id. (quoting Cook Cnty. Cir. Ct. R. 0.3.1(c)(7)). "But Illinois law provides that service by mail is proper only in limited circumstances not present here." Id. (citing 735 ILCS 5/2–204, 5/2–206 (service by publication and mail authorized when the defendant "on due inquiry cannot be found, or is concealed"); 805 ILCS 5/5.25(c)(2) (service by mail authorized when the Secretary of State acts as a corporation's registered agent); Ill. Sup. Ct. R. 284 (service by mail authorized for small claims cases)). So, Plaintiff's service on Defendant Dexter Stamping Company LLC was not sufficient under Rule 4(h) (citing Rule 4(e)). The Court advises Plaintiff that under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the courton motion or on its own after notice to the plaintiffmust dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiff's complaint was filed on 2/6/2026, well over 90 days ago. Plaintiff therefore must effectuate service on unserved defendant or before 7/10/2026 or else file a motion to extend the time for service, showing good cause. If Plaintiff believes that its attempts at service was proper, it must file a status report so explaining by this date. Plaintiff's failure to do so risks dismissal of this action. Plaintiff's motion for entry of default [13] is denied. Mailed notice. (jcm)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.