**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TAUBENSEE STEEL & WIRE COMPANY, | |
| Plaintiff, | Case No. 1:26-cv-01422 |
| v. | |
| DEXTER STAMPING COMPANY LLC, | Hon. Franklin U. Valderrama |
| Defendant. | |

**PLAINTIFF TAUBENSEE STEEL & WIRE COMPANY'S RENEWED
MOTION FOR DEFAULT AND DEFAULT JUDGMENT AS TO DEFENDANT**

Plaintiff Taubensee Steel & Wire Company ("Plaintiff"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 55(a) and 55(b), respectfully moves for entry of a default and default judgment as to Defendant Dexter Stamping Company LLC ("Defendant"). In support of its Renewed Motion, Plaintiff states as follows:

1. On February 6, 2026, Plaintiff filed its Complaint in the above-captioned action against Defendant, a Delaware limited liability company registered to do business in Michigan and Tennessee. (Dkt. 1.)

2. On February 13, 2026, this Court issued the Summons for Defendant. (Dkt. 11.)

3. Plaintiff caused Defendant to be served with a copy of the Summons and Complaint filed in the above-captioned matter in accordance with Fed. R. Civ. P. 4(h)(1)(A), by registered mail, delivered to the State of Michigan Department of Licensing and Regulatory Affairs, Corporations Division, on March 3, 2026. The proof of service was filed on March 13, 2026. (Dkt. 12.)

4. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Defendant's answer or other responsive pleading was due on March 24, 2026. *See* Fed.

12(a)(1)(A)(i).

5.      Defendant failed to appear, answer, or otherwise respond to the Complaint.

6.      Pursuant to Fed. R. Civ. P. 55, default may be entered when a Defendant "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" and that failure is shown above and by the Declaration of Sarah G. La Pearl, attached hereto as **Exhibit A**.

7.      Therefore, on April 3, 2026, Plaintiff requested that the Clerk enter default pursuant to Fed. R. Civ. P. 55(a). (Dkt. 13.) However, the Clerk did not enter default against Defendant. *See* Ex. A, ¶ 6.

8.      Rather, the Court denied Plaintiff's request for entry of a default on June 10, 2026, finding that service was insufficient under Illinois law. (Dkt. 15.) The Court permitted Plaintiff to file a status report explaining why service was proper. (*Id.*)

9.      On June 11, 2026, Plaintiff filed a status report showing that service was proper under Federal Rule of Civil Procedure 4 and Michigan Court Rule 2.105(H) because Defendant was served in Michigan, where it is registered to do business. (Dkt. 16.)

10.      The Court accepted Plaintiff's explanation and directed Plaintiff to file its renewed motion for entry of default judgment by June 22, 2026. (Dkt. 17.)

11.      Plaintiff's damages claims are for a sum that is made certain by computation as specifically set forth in its supporting Declaration of Daniel Hamburg in Support of Default Judgment, attached hereto as **Exhibit B**. As such, because Plaintiff's claim is for a sum that can be made certain by computation and the Defendant (as a business organization) is neither a minor nor an incompetent person, Plaintiff is entitled to entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1).

12.      Further, Plaintiff has learned that Defendant has ceased operations and may be

2

liquidating its assets. *See* Ex. B, ¶ 54.

13.     As a result, Plaintiff's ability to collect or otherwise recover on a default judgment may be adversely affected if entry of default is further delayed. *Id.*

14.     In light of the urgency, Plaintiff respectfully requests that the Court enter default pursuant to Federal Rule 55(a) and enter a default judgment pursuant to Federal Rule 55(b).

WHEREFORE, Plaintiff Taubensee Steel & Wire Company respectfully requests that the Court enter: (a) a default against Defendant Dexter Stamping Company LLC pursuant to Federal Rule 55(a); and (b) default judgment against Defendant Dexter Stamping Company LLC in the total amount of $176,466.31, consisting of the principal amount of $129,648.96, plus interest in the amount of $17,108.97, plus attorneys' fees and costs in the amount of $29,708.38 pursuant to Federal Rule 55(b); and (c) for any other relief that this Court deems fair and just.

DATED June 16, 2026:                         Respectfully submitted,


                                             By: /s/ *Sarah G. La Pearl*
                                                 One of Its Attorneys


James B. Sowka, Bar No. 6291998
jsowka@seyfarth.com
Paul J. Yovanic Jr., Bar No. 6327815
pyovanic@seyfarth.com
Sarah G. La Pearl, Bar No. 6339257
slapearl@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:   (312) 460-5000
Facsimile:    (312) 460-7000